IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKEY TERRELL GIVENS**                                                                     **PLAINTIFF**
**ADC #143148**

v.                                       No: 5:17-cv-00297 DPM-PSH

**ARKANSAS DEPARTMENT OF
CORRECTION,** *et al.*                                                                        **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Rickey Terrell Givens, an inmate at the Barbara Ester Unit of the Arkansas Department of Corrections (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. *See* Doc. No. 1. Givens was granted leave to proceed *in forma pauperis* on December 1, 2017 (Doc. No. 6). Givens was subsequently ordered to file an amended complaint identifying claims relating to only one issue; containing a short statement of the specific role each defendant had in the alleged

constitutional violations; describing the injuries he sustained; and specifying whether he is suing defendants in their individual and/or official capacities. *See* Doc. No. 7. Givens filed an amended complaint on December 29, 2018 (Doc. No. 8). For the reasons described herein, the undersigned finds Givens fails to state a claim for relief and his complaint should be dismissed without prejudice.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Givens

claims that his constitutional rights were violated due to loopholes in the ADC's grievance procedures. *See* Doc. No. 5 at 2. Givens sues the ADC, Lieutenant Baker, Sergeant Baker, Sergeant Morris, Sergeant Wilkerson, and Sergeant McCoulgh on this claim. The ADC is not a person subject to suit under § 1983. *See Brown v. Missouri Department of Corrections,* 353 F.3d 1038, 1041 (8th Cir. 2004). Additionally, inmates do not have a constitutionally protected right to a grievance procedure. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). "'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Accordingly, Givens' complaints regarding the ADC's grievance policy are not actionable under section 1983.

Givens also sues the Arkansas Community Corrections (ACC) Re-Entry Team and the Arkansas Parole Board claiming that he was wrongfully dismissed from the ACC's re-entry program. *See* Doc. No. 5 at 3-4. Neither entity is a person subject to suit under § 1983. *See Brown,* 353 F.3d at 1041.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.    Givens' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE